IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEITH S. NETHERLAND                                    PETITIONER


VS.                              CRIMINAL ACTION NO. 3:04CR135—WHB—JCS
                                 CIVIL ACTION NO.   3:06CV205—WHB—JCS
                                 CIVIL ACTION NO.   3:06CV215—WHB—JCS

UNITED STATES OF AMERICA                               RESPONDENT


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion of Petitioner Keith S. Netherland to Vacate, Set Aside and Correct Sentence Under 29 U.S.C. § 2255 ("Motion to Vacate").[1]  The Court has considered the Motion, Response, and supporting and opposing authority, and finds that the Motion to Vacate is not well taken and should be denied.


I.  **Factual Background and Procedural History**

On September 21, 2005, Netherland pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Netherland was sentenced on December 14, 2005, to a 120 month term of imprisonment, to be followed by three years of supervised release.  Netherland was also ordered to pay a

---

[1]  Netherland is prosecuting this Section 2255 Petition *pro se*.  Accordingly, his pleadings have been liberally construed. <u>See United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).

partial fine in the amount of $1,500.00 and a special assessment of $100.00.

On April 7, 2006, Netherland filed his first Motion to Vacate arguing: (1) the Government failed to prove the essential elements of the offense for which he was sentenced, and (2) the sentence imposed was impermissibly enhanced in contradiction of the decisions of the United States Supreme Court in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  On April 14, 2006, Netherland filed a second Motion pursuant to 28 U.S.C. § 2255 raising only the improper <u>Booker</u>/<u>Blakely</u> enhancement issue.[2]  Petitioner's Motion is now ripe for consideration.

## II.  Legal Analysis

Through his Motion, Netherland attacks the validity of his sentence arguing that the Government failed to satisfy the necessary elements of 18 U.S.C. § 922(g)(1) – the crime for which he was indicted, to which he pled guilty, and for which he was sentenced – namely, that is he was a convicted felon, he was in possession of a firearm, and the firearm had been transported in interstate commerce. The Court first finds that Netherland has waived his right to assert

---

[2]  As Netherland raises, verbatim, the exact <u>Booker</u>/<u>Blakely</u> enhancement argument in both Motions to Vacate, the Court finds that the second Motion to Vacate should be dismissed as duplicative.

the subject challenge.  In the Memorandum of Understanding ("MOU") that was signed by Netherland on September 6, 2005, he acknowledged:

> The Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed ... hereby expressly waives the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed ... on any ground whatsoever, and expressly waives the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255...

MOU; Docket No. 12, at ¶ 11.  The United States Court of Appeals for the Fifth Circuit has held that "[a] voluntary waiver and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999).  The waiver of the right to contest the conviction and sentence is expressly recognized in this circuit.  See e.g., United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  The Court finds that under the express language of the MOU, Netherland waived his right to contest his conviction, including challenging whether the Government satisfied the requisite elements of the crime for which he was indicted and sentenced.

Even if Netherland's claim was not procedurally barred, the claim still fails because Netherland admitted each element of the

3

crime.   Specifically, during the hearing at which Netherland's guilty plea was entered, the Government indicated it would prove that Netherland was in possession of a Bryco Arms .380 caliber Model 48 handgun; that the handgun had previously traveled in interstate commerce because it was manufactured outside of the State of Mississippi;[3] and that Netherland had previously been convicted of at least one prior felony.   Hr'g on Entry of Guilty Plea, 21-22.   Netherland expressly admitted that he was in possession of the subject firearm; that he had been previously convicted of at least one felony; and that he was guilty as charged in the indictment.   Id. at 21-23.   The Court finds, based on Netherland's own admissions, that the Government did in fact satisfy each element of crime for which he was indicted, convicted, and sentenced.

As Netherland waived his right to challenge the sufficiency of the evidence underlying his conviction, and further admitted each

---

[3]   The Fifth Circuit has found that the "in or affecting commerce" element of 18 U.S.C. § 922 (g) "can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce." United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996)(citing United States v. Fitzhugh, 984 F.2d 143, 146, cert. denied, 510 U.S. 895 (1993) ("[A] convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)").   See also Scarborough v. United States, 431 U.S. 563, 575 (1977) (concluding that Congress did not intend to require any more than the minimal nexus that, at some time, the firearm had been in interstate commerce).

element of the crime for which he was convicted and sentenced, the Court finds that his Motion to Vacate should be denied.

Secondly, Netherland challenges his sentence under Booker/Blakely by arguing that the Court impermissibly enhanced his base offense level for the purposes of calculating his sentence. The Court first finds that Netherland has waived this ground for seeking relief.  See MOU, ¶ 11 (indicating that Netherland expressly waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255 ...").

Additionally, in Booker the United States Supreme Court held that:  "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244 (reaffirming Apprendi v. New Jersey, 530 U.S. 466 (2000)).  Here Netherland's sentence does not exceed the statutory maximum authorized by the facts.  Pursuant to 18 U.S.C. § 924(e)(1), a person who violates Section 922(g)(1) and who has three previous convictions "shall be fined not more than $25,000.00 and imprisoned not less than fifteen years."  The Court found that Netherland had three prior felony convictions, two convictions for the sale of a controlled substance and one conviction for

aggravated assault.  Hr'g on Sentencing, 14.  Accordingly, the Court finds that Netherland's sentence was warranted based on the facts admitted by him during his guilty plea and the finding of three prior felony convictions by the Court.

Again, as Netherland waived his right to contest his sentence or the manner in which that sentence was imposed, and further as his sentence was supported by the facts he admitted and the presence of three prior felony convictions, the Court finds that his Motion to Vacate should be denied.

### III.  Conclusion

IT IS THEREFORE ORDERED that Netherland's Motion of to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Docket No. 18] is hereby denied.

IT IS FURTHER ORDERED that Netherland's second Motion Pursuant to 28 U.S.C. 2255 [Docket No. 19] is hereby dismissed as duplicative.

IT IS FURTHER ORDERED that this cause be finally dismissed with prejudice.  A separate Final Judgment will be entered this day.

SO ORDERED this the 10th day of October, 2006.


                              s/William H. Barbour, Jr.
                              UNITED STATES DISTRICT COURT